# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AHP SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No.: N22C-04-179 FWW |
| PEGGY MILES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 2, 2022
Decided: October 25, 2022

*Upon Defendant's Motion to Dismiss*
**DENIED.**

## ORDER

Joelle E. Polesky, Esquire, STRADLEY, RONON, STEVENS, & YOUNG, LLP, 1000 North West Street, Suite 1279, Wilmington, DE 19801, Attorney for Plaintiff, AHP Services, LLC.

Scott G. Wilcox, Esquire, MOORE AND RUTT, P.A., 1007 North Orange Street, Suite 437, Wilmington, DE 19801, Attorney for Defendant, Peggy Miles.

**WHARTON, J.**

This 25th day of October, 2022, upon consideration of Defendant Peggy Miles' ("Miles") Motion to Dismiss ("Motion"),[1] the Opposition of Plaintiff AHP Services, LLC ("AHP"),[2] and the record in this case, it appears to the Court:

1.     AHP brings this action against Miles, alleging breach of contract, unjust enrichment, and conversion related to a payment Miles received from AHP following her election of certain benefits under a November 14, 2018, Investment Agreement.[3]

2.     Willie Miles, Defendant Miles' deceased husband, was a client of AHP. Pursuant to an Investment Agreement dated November 14, 2018, Willie Miles purchased 6015.049 shares of Series A Preferred Securities at a price of $60,150.49.[4]

3.     Willie Miles passed away in March, 2019.[5]  Miles, as her husband's heir, elected to redeem Willie Miles' investment and, to accomplish that end, completed and returned to AHP a Liquidity Request Form requesting to withdraw $64,147.39.[6]  AHP paid Miles $64,147.39 on December 19, 2019.[7]  Later, Miles was issued another check for $60,150.49 by AHP on January 31, 2020, which represented

---

[1] Def.'s Mot. to Dismiss, D.I. 16.
[2] Pl.'s Opp to Mot. to Dismiss, D.I. 20.
[3] Amend. Compl., D.I. 9.
[4] *Id.*  The Investment Agreement is attached to the Def.'s Mot. to Dismiss, at Ex. 2, D.I. 16.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Willie Mile's initial investment under the Investment Agreement.[8] AHP alleges this check was issued by mistake.[9] Despite a demand for repayment, Miles has refused.[10]

4.      Miles asks the Court to dismiss AHP'S claims for lack of subject matter jurisdiction pursuant to Delaware Superior Court Civil Rule 12(b)(1) and lack of personal jurisdiction over Miles under Rule 12(b)(2).[11] Alternatively, Miles asks the Court to dismiss the breach of contract claim because: (1) the Amended Complaint lacks any allegations that Miles intended to be bound by any agreements Willie Miles entered into with AHP; (2) the agreements lack sufficient detail regarding the withdrawal of funds; and (3) there was a failure of consideration between APH and Miles.[12]

5.      Superior Court Civil Rule 12(b)(1) mandates that the Court dismiss an action for lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claim. Despite a passing reference to Rule 12(b)(1), it does not appear from the Motion, however, that AHP is challenging the Court's jurisdiction over the claim.[13] Instead, the Motion argues that the Court lacks jurisdiction over Miles' person.

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Def.'s Mot to Dismiss, D.I. 16.
[12] *Id.*
[13] *Id.,* at ¶¶ 7-15.

3

6.    On a motion to dismiss pursuant to Superior Court Rule 12(b)(2) for lack of personal jurisdiction over a defendant, "A plaintiff bears the burden of showing a basis for a trial court's exercise of jurisdiction over a nonresident defendant."[14]  "In ruling on a Rule 12(b)(2) motion, the Court may consider the pleadings, affidavits, and discovery of record."[15]  Normally, the Court applies a two-pronged analysis, first considering whether Delaware's Long Arm Statute is applicable, and then determining whether subjecting the nonresident defendant to jurisdiction in Delaware violates the Due Process clause of the Fourteenth Amendment.[16]  Here, however, AHP asserts personal jurisdiction because "the Investment Agreement Miles availed herself of, and received a direct benefit from, contains a forum selection clause naming Delaware state and federal courts as the proper fora for disputes arising from that agreement, and includes consent to personal jurisdiction."[17]  Miles contends that she is not bound by the provisions of the Investment Agreement because she was not a party to it.[18]  Further, because the Investment Agreement did not contain a provision relating to the withdrawal of

[14] *AeroGlobal Capital Management, LLC v. Cirrus Industries, Inc.,* 871 A.2d 428, 437 (Del. 2005).

[15] *Economical Steel Building Technologies, LLC v. E. West Construction, Inc.*, 2020 WL 1866869, at *1 (Del. Super. Ct. Apr. 14, 2020) (quoting *Ryan v. Gifford,* 935 A.2d 258, 265 (Del. Ch. 2007).

[16] *Biomeme, Inc. v. McAnallen,* 2021 WL 5411094, at *2  (Del. Super. Nov. 10, 2021).

[17] Amend. Compl., at ⁋ 4, D.I. 9.

[18] Def.'s Mot. to Dismiss, at ⁋ 9, D.I. 16.

funds, the forum selection provision is inapplicable.[19]  Thus, Court must determine whether Miles, as a non-signatory to the Investment Agreement, is bound by the forum selection provision and whether this dispute is subject to that provision.

7.  Personal jurisdiction may be waived through a forum selection clause in a contract.[20]  A forum selection clause allows parties to agree to a specific forum to litigate their disputes.[21]  Forum selection clauses are presumptively valid, and the Court need not consider the Delaware Long Arm Statute or the nonresident's minimum contacts with the forum.[22]  Delaware courts defer to forum selection clauses and routinely "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[23]

---

[19] *Id.,* at ▐ 10.
[20] *Biomeme v. McAnallen,* at *3, (citing *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 130 (Del. 2016)).
[21] *Id. (citing Nat'l Indus. Grp. (Holding) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 385 (Del. 2013)).
[22] *Id. See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("Where such forum selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process."); *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1228 (Del. 2018) ("Where a party commits to the jurisdiction of a particular court or forum by contract, such as through a forum selection clause, a 'minimum contacts' analysis is not required as it should clearly anticipate being required to litigate in that forum.").
[23] *Id.* (quoting *Halpern Eye Assocs., P.A. v. E.A. Crowell & Assocs., Inc.*, 2007 WL 3231617, at *1 (Del. Com. Pl. Sept. 18, 2007)).

8.  When determining whether a non-signatory is bound by a forum selection clause, Delaware courts apply the three-part test set forth in *Capitol Group Companies v. Armour.*[24]  "First, is the forum selection clause valid? Second, are the [non-signatories] third-party beneficiaries, or closely related to, the contract? Third, does the claim arise from the standing relating to the agreement? If all three questions are answered in the affirmative, the forum selection clause will bind the non-signatory."[25]

9.  Here, the validity of the forum selection clause is not in dispute, so the first *Capitol Group* factor is satisfied.  The Court finds that the second *Capitol Group* factor is satisfied as well.  The closely related test is an expanded form of equitable estoppel where either the party receives a direct benefit from the agreement or it was foreseeable that the party would be bound by the agreement.[26]  When Miles redeemed Willie Miles' investment, as his heir, she received a direct benefit from the Investment Agreement.  But for the Investment Agreement contract between Willie Miles and AHP, there would have been nothing for Miles to redeem. Miles, as a nonsignatory, cannot accept the benefit of the contract - Willie Miles' investment – and reject her obligations under that contract – to litigate in Delaware

---

[24] 2004 WL 2521295 (Del. Ch. Oct 29, 2004)(revised Nov.3, 2004).
[25] *Id.,* at *5.
[26] *See, McWane, Inc. v. Lanier,* 2015 WL 399582, at *7 (Del. Ch. Jan. 30, 2015).

under the forum selection provision.[27] Similarly, it was entirely foreseeable, that, as Willie Miles' heir, Miles would be bound by the Investment Agreement if she chose to obtain benefits under it.

10. The third *Capital Group* factor is satisfied as well. This third factor requires that "the agreement containing the forum selection clause must also be the agreement that gives rise to the substantive claims brought by or against a non-signatory in order for the forum selection clause be enforceable against the non-signatory."[28] In order to answer affirmatively, the claims asserted in Amended Complaint must arise from the Investment Agreement. They do. The fundamental issue here is the amount of Willie Miles investment to which Miles might be entitled as his heir. That amount is determined by the Investment Agreement. Miles' argument that, because the Investment Agreement does not address the mechanics of withdrawing funds, the forum selection provision does not apply, reads the forum selection provision too narrowly. The forum selection provision of the Investment Agreement reads in pertinent part:

> **Governing Law.** This agreement shall be governed by the internal laws of Delaware without giving effect to the principles of conflicts of laws. You hereby (i) consent to the personal jurisdiction of the Delaware courts or the Federal courts located in Delaware, (ii) agree that all

---

[27] *See, Florida Chemical Co., LLC v. Flotek Industries, Inc.,* 262 A.3d 1066, 1091 (Del. Ch. 2021).
[28] *Weygandt v. Weco, LLC,* 2009 WL 1351898, at *4n.15 (Del. Ch. May, 14, 2009).

> disputes arising from this Agreement shall be prosecuted in such courts, (iii) agree that any such court shall have personal jurisdiction over you…[29]

This litigation is a "dispute arising from this Agreement" because it is a dispute about the amount of the investment to which Miles is entitled as set out in the agreement, not the mechanics to the withdrawal. Accordingly, this Court has personal jurisdiction over Miles.

11. Miles next claims that Count I (Breach of Contract) must be dismissed for failure to state a claim pursuant to Delaware Superior Court Rule 12(b)(6) because no contractual relationship was formed between Miles and AHP. A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[30] The Court's review is limited to the well-pled allegations in the complaint.[31] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[32] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[33]

---

[29] Def.'s Mot. to Dismiss, at Ex. 2, D.I. 16.
[30] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[31] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[32] *Id.*
[33] *Id.*

12.     Dismissal is not warranted here because the Amended Complaint alleges a viable breach of contract based on a contractual relationship between Miles and AHP.  It does not appear with any reasonable certainty that AHP could fail to prove the facts alleged.  AHP's  Amended Complaint alleges that Miles stepped into Willie Miles' place by submitting a Liquidity Request Form requesting to withdraw $64,147.39.[34]  Based on the pleadings, a contract existed and when Miles filed a form requesting benefits, she subjected herself to the terms and conditions of the contract, despite not signing the contract. AHP also plead that it mistakenly sent Miles an additional $60,135.49 check, requested the amount to be returned, and that Miles refused to return this amount, breaching the contract.[35]  Accordingly, the Court determines that AHP adequately alleges a breach of contract claim against Miles.

**THEREFORE**, because this Court has personal jurisdiction over Miles, and because the Complaint adequately states a claim for breach of contract, Defendant Peggy Miles' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[34] D.I. 9.
[35] D.I. 9.

9